IN THE UNITED STATES DISTRICT COURT FOR THE
<u>DISTRICT OF MARYLAND</u>

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR A WARRANT TO SEARCH CERTAIN CELLULAR TELEPHONES CURRENTLY IN THE CUSTODY OF THE BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES | Case No. 19-878-SAG |

### AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, John Messick, Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), being duly sworn, depose and state as follows:

### INTRODUCTION

1. I submit this affidavit to apply for a warrant to search the following cellular telephones: one black I Phone X contained inside a black case (the "Subject Electronic Device 1"); one black I Phone S with FCC ID: BCG-E2944A ("Subject Electronic Device 2"); and one black LG phone ("Subject Electronic Device 3") (collectively "the Subject Electronic Devices") (also described in Attachment A), that were seized from 1722 N. Ellamont Street, Baltimore, Maryland, on February 21, 2019, by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), pursuant to a search and seizure warrant executed in the course of an investigation of Terrell STUCKEY and others.

2. The Subject Electronic Devices are believed to contain and conceal items that constitute evidence of a violation of 21 U.S.C. § 841(a), possession with intent to distribute controlled and dangerous substances. The Subject Electronic Devices are currently in the custody of the ATF in Baltimore, Maryland.

3. The applied for warrant would authorize the examination of the Subject

1

Electronic Devices for the purpose of identifying electronically stored data described in Attachment B and using the protocols described in Attachment B by members of the ATF, or their authorized representatives, including but not limited to other law enforcement agents assisting in the above described investigation

## AGENT BACKGROUND /TRAINING

4. Your Affiant is "an investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Section 2516 of Title 18, United States Code.

5. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), United States Department of Justice, and has been employed in such capacity since November of 2016. Your Affiant has successfully completed the Criminal Investigator Training Program (CITP) and the ATF Special Agent Basic Training (SABT) Academy at the Federal Law Enforcement Training Center, located in Glynco, Georgia, where your Affiant received specialized training in the investigation of federal crimes involving firearms, alcohol and tobacco diversion, arson and explosives, and narcotics. Your Affiant is currently assigned to the Baltimore Field Division. Your Affiant has participated in numerous investigations including, but not limited to, violent crime, firearms violations, and illegal drugs. Your Affiant has also been involved in one (1) Title III wiretap investigation that involved all three of the aforementioned violations. Your affiant has participated in the arrest of numerous persons for narcotics, violent crime, and/or firearms violations.

6. Prior to my employment with ATF, I was a Probation Officer for the Pickaway County Intensive Supervision Probation Program in Circleville, Ohio for six (6) years. Your Affiant currently possess a Bachelor's Degree in Criminology from Ohio University.

7. Through training, experience, interviews and numerous hours of surveillance of suspected illegal firearms traffickers/possessors, your Affiant is familiar with the actions, traits, habits and terminology used. In addition, illegal firearms/narcotics traffickers frequently use cellular telephones, communication devices, and other electronic media storage to further their illegal activities and frequently maintain numerous such electronic devices in an effort to conceal their activities. Your affiant is familiar with 21 U.S.C. § 841 (a), which makes it a violation for any person to possess with the intent to distribute controlled dangerous substances.

8. Based upon your affiant's training, experience and participation in this and other firearms/narcotics investigations, I know the following:

    a. Narcotics traffickers frequently maintain books, ledgers, records and other documents relating to the manufacture, transportation, possession, and distribution of firearms and controlled substances. Such documentation is frequently maintained where the traffickers have ready access to it, including their homes, offices and electronic devices such as cellular phones, pages, personal digital assistants ("PDAs"), or "smart" phones.

    b. Narcotics traffickers commonly maintain books, records and other documents or items that identify and contain the names, addresses and/or telephone or pager numbers of associates in their narcotics trafficking activities, including, but not limited to cellular telephones, pagers, PDAs, and "smart" phones.

      c.    Narcotics traffickers often use cellular telephones, pagers, PDAs, or "smart" phones, to conduct their business and to store information such as names, addresses, phone numbers, and logs of narcotics sales.

      d. Narcotics traffickers often also keep records of their activities, including the amounts provided and any funds owed. They also generally keep information about co-conspirators on-hand, including phone numbers and other contact information.

9.    This investigation is being conducted by the ATF. I have personally participated in this investigation and make this affidavit based upon personal participation in this investigation and based on reports made by other law enforcement officers that will be discussed in detail below. Information resulting from surveillance sets forth observations provided directly or indirectly through other law enforcement officers who conducted such surveillance and interaction. Not all of the facts of the investigation known to me are contained herein, only those necessary to establish probable cause for the stated offenses. I have not, however, omitted any information that would defeat a determination of probable cause. In addition, the summaries do not include references to all statements made on the topics that are described. All quotations from recorded conversations are based upon the affiant having personally listened to the recordings. This affidavit is not intended to include each and every fact and matter observed by me or known to the government.

## **PROBABLE CAUSE**

10.    Since January of 2018, the ATF has been investigating a violent narcotics trafficking organization that operates in the 5100 block of Park Heights Avenue in Baltimore, Maryland and the surrounding areas. Based on evidence gathered to date, including information from confidential sources, observations of law enforcement officers, and controlled purchases of

"crack" cocaine, investigators believe that members of the drug trafficking organization (DTO) are responsible for trafficking cocaine base and marijuana in Northwest Baltimore City. The investigation led to the identification of Terrell STUCKEY with State Identification Number ("SID") 3197592 and FBI Number 138967VC5 as a drug trafficker and member of the above-described DTO.

11. In connection with the investigation, on February 19, 2019, United States Magistrate Judge Stephanie A. Gallagher authorized a search and seizure warrant for 1722 N. Ellamont Street, Baltimore, Maryland. STUCKEY was the target of said warrant.

12. On the morning of February 21, 2019, at approximately 6:10 a.m., members of ATF executed the search and seizure warrant on 1722 N. Ellamont St, Baltimore, Maryland. Investigators observed STUCKEY inside of the residence. Subject Electronic Device 1 and Subject Electronic Device 2 were recovered from STUCKEY'S bedroom during the execution of the search warrant.

13. Members of law enforcement also recovered a large clear bag containing suspected marijuana and a clear plastic jug containing suspected marijuana from inside of STUCKEY'S bedroom. Subject Electronic Device 3 was recovered in the basement along with several small zip lock baggies, believed to be used to distribute controlled dangerous substances.

14. Members of ATF read STUCKEY *Miranda* warnings and thereafter, STUCKEY stated in substance that he resided inside of 1722 N. Ellamont Street STUCKEY also told investigators, in substance and post *Miranda*, that the suspected marijuana recovered from the bedroom belonged to him. SMALLWOOD also told investigators that he sells marijuana.

15. During the course of the investigation into SMALLWOOD and others, I determined that STUCKEY'S phone number was 443-414-2623. I based this determination, in

5

part, on a search through several investigative databases which revealed that telephone number 443-414-2623 was registered to STUCKEY. After the Subject Electronic Device 1 was recovered, I asked STUCKEY if he would provide investigators with the passcode belonging to Subject Electronic Device 1, and STUCKEY told investigators that the passcode was "011949." I put said passcode into Subject Electronic Device 1, and know this passcode unlocked the phone. STUCKEY also told investigators that his phone number was, "443-414-2623," therefore, I believe Subject Electronic Device 1 belongs to STUCKEY.

16. I know based on my training and experience, that drug traffickers use cellular telephones, like the Subject Electronic Devices and other electronic devices such as tablets to coordinate and communicate with suppliers, customers, and co-conspirators. Thus, I believe evidence related to drug trafficking are present on the Subject Electronic Devices. I further believe that entering the passcode for the phone will allow ATF investigators to unlock the Subject Electronic Device 1 to obtain the information listed in Attachment B.

## **CONCLUSION**

17. I submit that the facts recounted above establish probable cause that STUCKEY has committed a violations of 21 U.S.C. § 841(a), and that Subject Electronic Devices contain evidence of possession with intent to distribute controlled dangerous substances.

18. WHEREFORE, I respectfully request that the Court issue a warrant authorizing members of the ATF, or their authorized representatives, including but not limited to other law enforcement agents assisting in the above described investigation, to search the Subject Electronic Devices, as described in Attachment A, for the purpose of identifying electronically stored data particularly described in Attachment B and using the protocols described in Attachment A.

_____
John Messick
Special Agent
Bureau of Alcohol, Tobacco Firearms and
Explosives

Subscribed and sworn to before me this 13th day of March, 2019.

_____
Hon. Stephanie A. Gallagher
United States Magistrate Judge

7

## ATTACHMENT A

### Description of the Items to be Searched

- A black I Phone X contained in a hard case and any attached SIM or memory card (the Subject Electronic Device 1)

- A black I Phone S with FCC ID: BCG-E2944A and any attached SIM or memory card (the Subject Electronic Device 2)

- A black LG Phone (Subject Electronic Device 3)

The above cellular phones were seized from 1722 N. Ellamont Street, Baltimore, Maryland, on February 21, 2019, by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), pursuant to a search and seizure warrant executed in the course of an investigation of Terrell STUCKEY and others. The devices will be charged and powered on. The device is in custody of the ATF in Baltimore, Maryland.

## ATTACHMENT B

### Search Protocols

This warrant authorizes the search and seizure of the following electronically stored information, contained within the items described in Attachment A:

a. digital images;

b. digital videos;

c. records of incoming and outgoing voice communications;

d. records of incoming and outgoing text messages;

e. the content of incoming and outgoing text messages;

f. voicemails;

g. voice recordings;

h. contact lists; and

i. location data;

that are related to the investigation into narcotics trafficking as more fully described in the Attached Affidavit.

Because of the possibility that the files examined pursuant to the warrant will include information that is beyond the scope of what the United States has demonstrated the existence probable cause to search for, the search shall be conducted in a manner that will minimize to the greatest extent possible the likelihood that files or other information for which there is not probable cause to search is not viewed.

While this protocol does not prescribe the specific search protocol to be used, it does contain limitations to what the government investigators may view during their search, and the searching investigators shall be obligated to document the search methodology used in the event that there is a subsequent challenge to the search that was conducted, pursuant to the following protocol.

With respect to the search of any digitally/electronically stored information that is seized pursuant to this warrant, and described in Attachment A hereto, the search procedure shall include such reasonably available techniques designed to minimize the chance that the government investigators conducting the search will view information that is beyond the scope for which the probable cause exists.

The following list of techniques is a non-exclusive list which illustrates the types of search methodology that may avoid an overbroad search, and the government may use other procedures that, like those listed below, minimize the review of information not within the list of items to be seized as set forth herein:

a. Use of computer search methodology to conduct an examination of all the data contained in such computer hardware, computer software, and/or memory storage devices to determine whether data falls within the items to be seized as set forth herein by specific date ranges, names of individuals, or organizations;

b. Searching for and attempting to recover any deleted, hidden, or encrypted data to determine whether that data falls within the list of items to be seized as set forth herein;

c. Physical examination of the storage device, including digitally surveying various file directories and the individual files they contain to determine whether they include data falling within the list of items to be seized as set forth herein; and

d. Opening or reading portions of files that are identified as a result of conducting digital search inquiries in order to determine their relevance.